IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT LEWIS KROUSE, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 13-1512
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 23rd day of December, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] In essence, Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (i) failing to give appropriate weight to the treating physicians' opinions in the record; and (ii) failing to consider all of Plaintiff's limitations in making his RFC assessment. See Plaintiff's Brief (Doc. No. 10 at 3, 7). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinions of disability rendered by Dr. Han, Plaintiff's internal medicine physician, and Dr. Marrero, the neurologist who was treating Plaintiff. It is well-established that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court finds that substantial evidence supports the ALJ's evaluation of the opinions presented. Throughout his discussion in this case, the ALJ clearly considered the relevant medical evidence in the record, provided discussion of the evidence to support his evaluation, and ultimately concluded that the opinions were not supported by the evidence as a whole. (R. 15-18). For example, after detailing Plaintiff's overall treatment history, the ALJ stated that he gave Dr. Han's opinion "little weight as there are no treatment notes or objective findings documented by Dr. Han to support his opinion and the rationale he provided for his opinion refers primarily to subjective complaints rather than objective findings." (R. 17). Similarly, the ALJ explained that Dr. Marrero's opinion was given little weight "as it is not supported by Dr. Marrero's own objective finding and other objective findings of record which have been relatively benign, or by the record as a whole, including the claimant's conservative treatment history." (R. 17-18). Upon review, the Court therefore finds that the ALJ properly discharged his duty to address the treating physicians' opinions in the record. The Court finds that substantial evidence supports the ALJ's evaluation of the opinion evidence and his ultimate decision not to give it controlling weight in making his determinations.

Secondly, Plaintiff challenges the ALJ's ultimate conclusion regarding his residual functional capacity, and asserts that, when considering all of Plaintiff's limitations, "there would

not be any jobs available to the Claimant within any residual functional capacity." (Doc. No. 10 at 7). In support of this argument, Plaintiff refers generally to his subjective complaints and to the records of Dr. Han and Dr. Marrero (referenced above), as well as to his treatment by his ophthalmologist, Dr. Younger. (Doc. No. 10 at 7-8). The Court finds, however, that the ALJ properly accounted for all of the limitations resulting from Plaintiff's impairments in forming his RFC determination.

In making his finding, the ALJ noted that, although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" his RFC assessment. (R. 15). In his decision, the ALJ described Plaintiff's medical treatment and subjective claims of pain in connection with each of his alleged impairments, and found that the objective findings of record and Plaintiff's treatment history did not fully support the limitations he alleges. For example, regarding Plaintiff's musculoskeletal impairments, the ALJ noted that tests have consistently shown only mild degenerative changes, and "the only treatment [Plaintiff] has received for any of his musculoskeletal impairments since his alleged onset date has been medication prescribed primarily by his neurologist." (R. 16). As for Plaintiff's chest pain, the ALJ remarked that it was diagnosed as atypical and the evaluating cardiologist recommended no treatment or follow-up testing. (R. 16). Concerning his history of small strokes and CVA and his headaches, the ALJ noted that all of Plaintiff's EEGs have been normal, and except for some ischemic changes, all MRIs and MRAs of his brain have likewise been normal. (R. 16). Although Plaintiff claims bouts of dizziness, the ALJ stated that Plaintiff has reportedly neither lost consciousness nor needed any inpatient evaluation of his symptoms. (R. 16). As for Plaintiff's restless leg syndrome, the ALJ commented that medication was prescribed, which reportedly helped Plaintiff's symptoms and no further symptoms were reported. (R. 16). With regard to treatment for Plaintiff's visual impairments, Dr. Younger simply recommended that Plaintiff fill his prescription for glasses, but "did not recommend any other treatment or follow up testing." (R. 16). The ALJ observed that Plaintiff's gastritis has not required any follow-up testing, nor has there been any treatment since 2008. (R. 17). Lastly, concerning mental impairments, the ALJ found the objective findings of record to be sparse (and those that existed were relatively benign) as Plaintiff has not been evaluated or treated by any mental health professional, and after receiving medication, "has not required emergency or inpatient treatment for any exacerbations of his mental symptoms." (R. 17).

The ALJ stated further that, in assessing Plaintiff's RFC and overall credibility, he considered additional relevant factors, including Plaintiff's daily activities and his work history (noting that Plaintiff admits that "his symptoms were present while he was still working and he stopped working because he was laid off, which suggests that he could have continued working if he had not been laid off"). (R. 17). After thorough evaluation in his decision of all of these considerations, the ALJ found Plaintiff's testimony and reports to be less than fully credible. (R. 17). He stated that he accounted for all credible symptoms (including pain) and limitations in adopting the findings in his referenced RFC, and found that "no greater or additional limitations are warranted by the record." (R. 17).

In sum, the ALJ addressed all relevant evidence in the record and thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's reasons for not adopting the medical opinions which

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

identified questionable limitations and indicated an inability to work. The Court finds, further, that substantial evidence supports the ALJ's determination that Plaintiff retained the ability to perform work consistent with his RFC finding. Accordingly, the Court affirms.